## No. 226

### C. M. SAUNDERS CO. v. PENN. R. R. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1840. Decided Feb. 28, 1927

383. DEMURRAGE — Requirement of demurrage rules and charges that notice be given to consignor, affeffcts only the right of the railroad company to hold such consignor for demurrage charges and does not affect the liability of the consignee therefor.

303. CONVERSION—Where railroad sells carload of hay for demurrage charges, burden of proving that there was a conversion in that the sale was made contrary to the contract of shipment is on the consignee, and failure to prove that terms of the contract had not been complied with would be fatal to its right to base recovery upon the alleged act of conversion.

First Publication of this Opinion

WILLIAMS, J.

The C. M. Saunders Co. brought this action in the Lucas Common Pleas against the Pennsylvania Rd. Co. to recover for the alleged conversion of a carload of hay. The Railroad Company, on Aug. 28, 1924, agreed with one Harris, of Forrest, Ohio to transport 258 bales of hay to Raliegh, N. C. In the contract James Harris appears as shipper and the hay was consigned to order of "C. M. Saunders Co., Raliegh, N. C. notify J. P. Temple, Raleigh, N. C."

The car arrived in Raliegh, Sept. 9, 1924, and the connecting carrier notified Temple of its arrival; and later notified Harris of the refusal of the hay by telegram. October 7, 1924, Harris notified the Saunders Co. of the refusal and it offered to take same if demurrage charges from Sept. 14, 1924 were cancelled. The hay remained in the yard of the connecting carrier until it was sold sometime after Oct. 10, 1924.

The hay had been sold by the shipper to the plaintiff prior to the time of shipment, but this was not known to the defendant or to the connecting carrier, the contract of shipment not containing this information. The agent of defendant at Forrest, received no notice of nonacceptance of the hay prior to Oct. 8, 1924.

Plaintiff contends that it was defendant's duty to notify consignor, the consignee and its agent at the point of shipment; that it failed to perform that duty and refusing to deliver to plaintiff free of charges from Sept. 24th to October 8th, was an act of conversion of the hay in question. Judgment being in favor of the defendant in the lower court, error proceedings were instituted, the Court of Appeals holding:

1. Under the contract of shipment, it was agreed that Temple should receive notice which the railroad company was required to give to the consignee, and the giving of notice to Temple was notice to the consignee.

2. The consignee was notified therefore, of the arrival of the car at Raliegh, and after the expiration of free time, demurrage would begin to run as against the consignee.

3. It is claimed that demurrage would not run against the consignee until such notice as is required by demurrage rules and charges had been given to the consignor or shipper.

4. Such requirements that notice be given to the consignor affects only the right of the railroad company to hold such consignor for demurrage charges and does not affect. the liability of the consignee.

5. It does not appear whether the connecting carrier in selling the hay, fully complied with the terms of the contract of shipment but the burden of proving conversion was on the plaintiff and failure of it to prove that the terms of the contract of shipment had not been complied with would be fatal to its right to base recovery upon such alleged act of conversion.

Judgment affirmed.

(Richards & Lloyd, concur.)

Attorneys—Seeley &Wolfe for Saunders Co; Fraser, Hiett, Wall & Effler for R. R. Co.; all of Toledo.